| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

**CASE NO.:** CV 17-00061 SJO (SSx)   **DATE:** March 6, 2017

**TITLE:** Shalamar Jones v. G2 Secure Staff, LLC

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                          Not Present
Courtroom Clerk                                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND** [Docket No. 16]

This matter is before the Court on Plaintiff Shalamar Jones' ("Jones" or "Plaintiff") Motion to Remand ("Motion"), filed on February 3, 2017. In the same Motion, Plaintiff also seeks an award of attorney's fees ("Request for Attorney's Fees"). Defendant G2 Secure Staff, LLC ("G2" or "Defendant") filed an Opposition on February 13, 2017. Plaintiff filed a Reply brief on February 17, 2017. The Court found the matter suitable for disposition without oral argument and vacated the hearing set for March 6, 2017. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Remand.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she worked for G2 until she was terminated on or about January 12, 2016. (*See* Notice of Removal ("Removal"), Ex. A Compl. ("Compl."), ECF No. 1-1.) Plaintiff, through counsel, sent G2 a written request of her personnel file on March 8, 2016. (Compl. ¶ 11.) Plaintiff's counsel was told to request the file from an employee at G2's Texas headquarters. (Compl. ¶ 13.) After contacting said employee, Plaintiff's counsel was told to send $15 to cover the costs of copying and mailing, and the personnel file would be sent to her. (Compl. ¶ 13.) On May 20, 2016, Plaintiff's counsel mailed a check for $15, which was cashed on June 2, 2016. (Compl. ¶ 14.) As of June 6, 2016, Plaintiff had not received the personnel file. (Compl. ¶ 16.)

On July 6, 2016, Plaintiff initiated the instant action against Defendant in the Superior Court of the State of California for the County of Los Angeles, asserting one cause of action: violation of California Labor Code section 1198.5 ("Section 1198.5"). (*See* Compl.) Section 1198.5 provides that "[e]very current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee," and that, generally, the records must be made available no later than 30 days from the date the employer receives the written request. Cal. Lab. Code § 1198.5(a), (b)(1). In the Complaint, Plaintiff seeks a statutory penalty for G2's failure to produce a copy of her personnel records within thirty days of request, attorneys' fees,

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority <ins>     </ins><br>Send <ins>     </ins><br>Enter <ins>     </ins><br>Closed <ins>     </ins><br>JS-5/JS-6 <ins>     </ins><br>Scan Only <ins>     </ins> |
|---|---|---|

CASE NO.: <u>CV 17-00061 SJO (SSx)</u>          DATE: <u>March 6, 2017</u>

cost of suit, and other and further relief the Court may deem just and proper.  (Compl. 5.)  The statutory penalty for violation of Section 1198.5 is $750. (Compl. ¶ 56.)  Defendant filed its Answer on August 8, 2016.  (*See* Removal, Ex. B Answer, ECF No. 1-2.)

On December 5, 2016, Plaintiff's counsel emailed Defendant's counsel a proposed first amended complaint ("PFAC") and indicated that it would be filed on or after December 19, 2016.[1]  (*See* Decl. of Lara C. De Leon in Supp. of Removal ("De Leon Decl."), Ex. 1, ECF No. 3.)  The PFAC alleged damages in excess of $80,000.  (De Leon Decl., Ex. 2 PFAC ¶ 73.)  On December 22, 2016, Defendant's counsel informed Plaintiff's counsel that it would not stipulate to the PFAC. (Decl. of Ann Hendrix in Supp. of Mot. ("Hendrix Decl.") ¶ 8, ECF No. 17-1.)  In response, Plaintiff's counsel informed defense counsel that it would file an amended complaint as a matter of right in January, which would omit all but the PAGA claims.  (Mot. 2-3.)

On January 4, 2017, Plaintiff's counsel emailed Defendant's counsel stating that Plaintiff would file the PFAC the next day or the following; Defendant's counsel did not respond.  (Hendrix Decl. ¶ 9.)  That same day, Defendants removed the action to this Court based on diversity jurisdiction, under 28 U.S.C. §§ 1441 & 1446.  (Removal ¶¶ 6-7.)  On January 5, 2017, Plaintiff filed an amended complaint, which differs from the PFAC; that same day, Plaintiff received notice of removal.[2]  (Mot. 1.)  Plaintiff now seeks to remand the action, arguing that the operative pleading–the Complaint–alleges only one cause of action and which places the amount in controversy far below the $75,000 threshold.  (Mot. 1.)  In its Opposition, Defendant argues that the amount in controversy requirement is satisfied because, based on the PFAC, the estimated value of Plaintiff's claims is in excess of $75,000. (Opp'n 1, ECF No. 18.)  For the following reasons, the Court remands the action because based on the operative pleading at the time of removal, the amount in controversy is less than $75,000.

II.     <u>DISCUSSION</u>

    A.     <u>Legal Standard</u>

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires "complete

---

[1] The PFAC alleged nine causes of action, including the Section 1198.5 claim and a claim under the Private Attorneys General Act ("PAGA"), which allows a plaintiff to amend her complaint as a matter of right within 60 days of the exhaustion under PAGA; in this case, that date was December 19, 2016.  (*See* PFAC ¶¶ 26-31.)

[2] The first amended complaint that was filed on January 5, 2017 alleges violations of Section 1198.5, California Labor Code sections 98.6 and 232.5, and PAGA, as well as wrongful termination in violation of public policy.  (Hendrix Decl. ¶ 2, Ex. A.)

Case 2:17-cv-00061-SJO-SS Document 23 Filed 03/06/17 Page 3 of 5 Page ID #:329

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 17-00061 SJO (SSx)          **DATE:** March 6, 2017

diversity" of citizenship. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990). Moreover, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *Gaus v. Miles, Inc.*, 980 F.2d, 564, 566 (9th Cir. 1992).

The procedure for proper removal is set forth in 28 U.S.C. section 1446 ("Section 1446"). The statute provides "provides two thirty-day windows during which a case may be removed," the first of which is open during the first thirty days after the defendant receives the initial pleading provided that the case is clearly removable based on the facts alleged in the complaint. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 692-93 (9th Cir. 2005). If the case is not removable based on the initial pleading, a second thirty-day window opens after the defendant receives "**an amended pleading,** motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)) (emphases added).

Courts must "strictly construe the removal statute against removal jurisdiction." *Gaus*, 980 F.2d at 566 (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *See Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted).

    B.    <u>Analysis</u>

Plaintiff argues that removal was premature because Defendant removed the action based on the unfiled PFAC, and that the operative Complaint is not removable. (*See* Mot. 7.) In response, Defendant argues that removal was proper based on the PFAC, which alleges damages in excess of $75,000. (Opp'n 4.) Defendant avers that the PFAC constitutes an "other paper" for purposes of initiating the second thirty-day removal window because it "came from Plaintiff" and signaled Plaintiff's intent to add claims which would raise the amount in controversy above the statutory threshold. (Opp'n 5.) Defendant asserts that the PFAC need not have been "filed" with the Court to form the basis for removal. (Opp'n 6.)

Defendant cites to many non-binding cases in support of this position that a document need not be filed in order to constitute "other paper," none of which bear on this case. For example, in *Rider v. Sears Roebuck and Co.*, the triggering event for removal was a deposition testimony transcript establishing fraudulent joinder. *See* No. CV 11-02700, 2011 WL 2222171, at *3-4 (C.D. Cal. June 7, 2011). In *Dutro v. Hilarides*, the event that triggered removal was either the plaintiff's submission of discovery responses (which would qualify as "other paper" but not "amended pleading), or the submission of a copy of a **filed** amended complaint along with the motion to amend. *See* No. CV 12-00212 LJO, 2012 WL 1552772, at *4 (E.D. Cal. 2012). The findings of

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** <u>CV 17-00061 SJO (SSx)</u>    **DATE:** <u>March 6, 2017</u>

Defendants' cited cases–that the receipt of an unfiled document giving rise to federal jurisdiction starts the thirty-day clock for removal–are merely persuasive authority and, more importantly, apply to the "other paper" prong of the Section 1446. Here, however, the PFAC should not be considered an "other paper." Section 1446 specifically differentiates between an "amended pleading" and "other paper" as bases for removal. *See* 28 U.S.C. § 1446(b)(3). Defendant inexplicably ignores the "amended pleading" prong despite the fact that the document allegedly giving rise to removal was a proposed amended pleading.

Finally, Defendant attempts to analogize the instant case with *Ruiseco v. Corpus Christi Housing Auth.*, No. CV 06-00423 JGJ, 2006 WL 3302520 (S.D. Tex. 2006), in which the court found that the defendant's receipt of the second amended original petition triggered the removal window, even though the document was not filed with the state court. *Ruiseco* is distinguishable: there, the amended document was signed by the pro se plaintiff and contained a certificate of service. Here, the PFAC was unfiled, unsigned, and not officially served on Defendant. (*See generally* PFAC.) Additionally, the *Ruiseco* court found that the plaintiff's failure to file the amended pleading in state court was "an oversight," and plaintiff promptly filed it as soon as he learned of the mistake. *See* 2006 WL 3302520, at *3. In contrast, here, it is undisputed that the PFAC was a **proposed** amended pleading, and that Plaintiff ultimately filed an amended complaint that substantively differed from the PFAC. *See Mejia v. Prologix Distrib. Servs. (W.), LLC*, No. CV 45-04840 YGR, 2012 WL 5522309, at *5 (N.D. Cal. Nov. 14, 2012) (*"*The removal statute speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens.") (citation and quotation marks omitted); *see also Desmond v. BankAmerica Corp.*, 120 F. Supp. 2d 1201, 1204 (N.D. Cal. 2000) (rejecting defendants' argument of plaintiffs' "'intent to amend a complaint' as the jurisdiction-triggering event," because "no motion to amend has been filed, much less an amended complaint").

"[R]emoval jurisdiction based on an amended pleading arises only after the subsequent pleading becomes **operative**." *Desmond*, 120 F. Supp. 2d at 1203-04 (emphasis added) ("[R]emoval in this case . . . will become available only upon the filing of an amended complaint."); *see Torres v. Chevron U.S.A., Inc.*, No. CV 04-02523 SBA, 2004 WL 2348274, *2 (N.D. Cal. Oct. 18, 2004) (finding that numerous courts that have considered whether removal on the grounds that a pending motion to amend seeks to add a basis for federal jurisdiction have found that removal is only proper after the motion to amend has been granted).

Thus, the PFAC had no legal effect for purposes of removal. The original filed Complaint was the operative pleading at the time of removal, and it alleges only one cause of action, which carries a statutory penalty of $750. *See* Cal. Lab. Code § 1198.5. Although Plaintiff also seeks costs and reasonable attorneys fees, it is not more likely than not that the amount in controversy would exceed $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). Therefore, based on the Complaint, removal was not proper. The Court **REMANDS** the action.

Case 2:17-cv-00061-SJO-SS Document 23 Filed 03/06/17 Page 5 of 5 Page ID #:331

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 17-00061 SJO (SSx)        **DATE:** March 6, 2017

    C.     The Court Denies an Award of Attorney's Fees Against Defendants

Plaintiff seeks attorney's fees of $9,000 incurred in opposing Defendants' removal and moving for remand, arguing that Defendant removed this action in bad faith, knowing that the amount in controversy is far below the required statutory minimum. (Mot. 13.) Further, Defendant has refused to meet and confer with Plaintiff, costing him time and money. (Mot. 13.) Defendant argues that it reasonably believed that the second 30-day window for removal had opened after receiving the December 5, 2016 email containing the PFAC. (Opp'n 14.) The Court agrees.

"[C]ourts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Frankline Capital Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, the Court finds that the Defendant acted in good faith, and reasonably–albeit mistakenly–believed that the PFAC constituted an opening of the second thirty-day removal window. Thus, Plaintiff's Request for Attorney's Fees is **DENIED**.

III.     RULING

For the reasons stated above, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**. The Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles, and **DENIES** Plaintiff's Request for Attorney's Fees. This case shall close.

IT IS SO ORDERED.